937 F.2d 624
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerald L. BREST, Petitioner/Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent/Appellee.
 No. 91-7032.
 United States Court of Appeals, Federal Circuit.
 June 27, 1991.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Gerald L. Brest's appeal from the order of the Court of Veterans Appeals, No. 90-217 (Nov. 7, 1990), dismissing his petition for lack of jurisdiction is affirmed.
 
 OPINION
 
 2
 Brest did not produce any written communication filed with the Department of Veterans Affairs after November 18, 1988, that qualifies as a notice of disagreement within the meaning of 38 U.S.C. Sec. 4005 (1988) and 38 C.F.R. Sec. 19.118 (1990). See Burton v. Derwinski, --- F.2d ---- (Fed.Cir.1991). In fact, the only notice of disagreement in this case was filed on October 1, 1981. Without a notice of disagreement filed after November 18, 1988, the Court of Veterans Appeals lacks jurisdiction. See 38 U.S.C. Sec. 4051 note (1988). Consequently, dismissal of Brest's petition is in accordance with law and is not arbitrary, capricious or an abuse of discretion. See id. Sec. 4092(d)(1).
 
 
 3
 Without jurisdiction, the court had no authority to address Brest's mandamus petition because 28 U.S.C. Sec. 1651(a) (1988) allows a court to grant writs in certain circumstances only when the court already has jurisdiction. Because the court dismissed Brest's petition without prejudice, he may still seek to reopen his file with the Department of Veterans Affairs and pursue any administrative remedies available to him there.